27 P. 17 
1 Colo.App. 32
 MILLER et al. v. POTOSHINSKY. 
Court of Appeals of Colorado
June 30, 1891

 
 Appeal
 from district court, Arapahoe county
 
 
 W.W.
 Cover and Geo. C. Norris, for appellants.
 
 
 BISSELL,
 J.
 
 
 This
 controversy grows out of an alleged contract of hiring. In
 1884 Joseph Potoshinsky was a Jewish rabbi living in Chicago.
 Some time in December of that year the appellants, Miller and
 Krepitsky, opened a correspondence with the rabbi looking to
 his employment to render them certain specified service. The
 final letter, which contains [1 Colo.App. 33] the offer of
 employment, in substance undertakes to pay Potoshinsky $35
 per month for his services,--$20 to kill cattle according to
 the Jewish law, and $15 for the instruction of their
 children. Without details, this was their substantial
 proposition. This offer was accepted, and the rabbi came to
 Denver, and rendered the service for which he had been
 engaged. Substantially, there is no controversy as to these
 propositions. It may be stated that in the trial court some
 question was raised as to the insufficiency of the
 correspondence to make a legal contract, but the judge very
 properly held that, if the correspondence was followed by a
 performance under its proposition, it was ample as a contract
 to bind the appellants, and a breach would give a cause of
 action. The principal defense was rested upon the alleged
 performance by the promisors up to a certain date, when,
 according to their contention, the contract was modified, and
 substantially abandoned, with the consent of the rabbi, who
 expressly, and by his conduct, accepted the responsibility of
 a Jewish congregation in place of that which resulted from
 the letters. That there was some sort of a modification or
 change in the relation of the parties is evident from the
 verdict of the jury, who accepted neither version given as
 entirely accurate, and found that the engagement had been
 entered into, but that it had been subsequently so modified
 as to entitle the appellants to a reduction of the amount
 claimed. The appellants maintain that the verdict was not a
 just one, and that it is unsupported by the evidence. This is
 the only error alleged, discussed, or relied on. In reality,
 nothing else is apparent in the record upon which an argument
 could be predicated. This is not available for the purposes
 of reversal. The case, as presented, is not brought within
 any of the well-recognized rules which cover such cases. The
 employment and the performance were both established, and,
 under instructions which plainly and clearly expressed the
 law, the two remaining inquiries, whether the contract had
 been modified or whether it had been terminated, were left [1
 Colo.App. 34] to the jury. The verdict disposed of those
 questions, and cannot be said to be without support from the
 testimony. It is wholly unnecessary to ascertain the date or
 the extent of the modification as expressed in the verdict.
 It is enough that it is sustained by the evidence to such an
 extent that no appellate tribunal would be justified in
 setting it aside. The judgment must be affirmed.